**Hubert F. WHITE, etc., Appellant,**

**v.**

**COMMON COUNCIL OF the CITY OF MID-
DLESBORO, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Hubert F. White, City Atty., Middles-
boro, for appellant.

Henry M. Reed, III, Skaggs & Hays,
Louisville, for appellees.

WADDILL, Commissioner.

In this declaratory judgment action the
trial court upheld the validity of an ordi-
nance, lease and related instruments of the
City of Middlesboro effectuating a plan for
the issuance of revenue bonds by a hold-
ing company which will acquire off-street
parking facilities and a fire truck and lease
them to the city. The bonds, in the sum of
$500,000, are to be redeemed by a pledge
of the city's parking meter revenue.

There is specific statutory authority for
the city to acquire off-street parking (KRS
82.050) and fire apparatus (KRS 85.190).
Hence, we need consider only the constitu-
tional questions inherent in this case which
are: Whether the proposed plan of the
city violates Section 157 of the Kentucky
Constitution; whether the city has uncon-
stitutionally surrendered its police power,
and whether that part of the city's plan
which creates a holding company to issue

the bonds and pledges certain property as security is valid.

■ The plan set up in the several instruments obligates the City of Middlesboro to pay for a period of twenty-five years an annual rental out of the *revenue it receives from its parking meters* to fund the revenue bonds. While the plan specifies that the city is not required to renew the lease of the parking facilities, the city is required to redeem the bonds from the parking meter revenue even if the lease is not renewed. We have previously held that the *revenue from parking meters* is not tax revenue and may be pledged for the payment of bonds such as these. Skidmore v. City of Elizabethtown, Ky., 291 S.W.2d 3.

■ As we interpret the ordinance and implementing instruments these bonds are not general obligation bonds since only the proceeds from the parking meters will be pledged to pay them. We observe that the city will become the owner of the involved property upon their redemption. In these circumstances we find no violation of Section 157 of our State Constitution. Skidmore v. City of Elizabethtown, supra; Perkins v. City of Frankfort, Ky., 276 S.W. 2d 449.

■ By the instruments in question the city agrees to maintain and insure the parking facilities and to fix the parking meter rates so as to pay the principal and interest on the outstanding bonds each year. Except as to the setting of minimum parking meter rates the city is not restricted in the exercise of its police powers. We discern no unconstitutional surrender of the city's police powers. Skidmore v. City of Elizabethtown, supra.

The use of a holding company such as envisioned in the city's plan has been approved. See Baker v. City of Lexington, Ky., 273 S.W.2d 34. Moreover, the holding plan merely does indirectly that which the city could do directly. Cf. Skidmore v. City of Elizabethtown, supra. Under the plan the holding company will purchase the real estate on which the off-street parking facilities are to be constructed. This property will be mortgaged to secure the revenue bonds. In Baker v. City of Lexington, Ky., supra, a city-owned park was mortgaged to finance a swimming pool to be constructed therein. We observed the possibility of loss was very remote. Our approval of that plan is dispositive of the one proposed by the City of Middlesboro.

The judgment is affirmed.

All concur.